IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE VERSHAWN MINTER,            ) <br> ) <br> Petitioner,                     ) <br> ) <br> vs.                                 ) <br> ) <br> UNITED STATES OF AMERICA,         ) <br> ) <br> Respondent.                       ) <br> ) | 2:21-cv-08025-LSC <br> (2:18-cr-00595-LSC-JHE) |

**MEMORANDUM OF OPINION**

**I.   Introduction**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by petitioner Andre Vershawn Minter ("Minter") on March 9, 2020, and entered by the clerk on October 20, 2021. (Doc. 1.) Minter claims that his counsel was ineffective for failing to file an appeal when requested to do so. The United States has responded in opposition to Minter's § 2255 motion. (Doc. 7.) For the reasons set forth below, an evidentiary hearing is due to be set for this § 2255 motion.

**II.   Background**

After his indictment for two counts of being a felon in possession of a firearm and two counts of knowingly possessing a stolen firearm, Petitioner made his first appearance, was appointed an attorney from the Federal Public Defender's Office and had arraignment set. (Crim. Doc. 12/20/2018 Minute Entry.) A motion to withdraw as attorney was filed by Kevin L. Butler on 12/12/2018 and Victor Kelley was appointed. (Text Order 10.)

On February 2, 2019, Petitioner entered a guilty plea as to two counts: 1) felon in possession of a firearm and 2) knowingly possessing a stolen firearm. (Crim. Doc. 18.)  Petitioner appeared for sentencing on July 30, 2019, and this Court sentenced him to 74 months, which was within the sentencing guidelines range of 70 to 87 months calculated by the probation office and adopted by the Court. (Crim. Doc. 22; Crim. Doc. 21.)

### III. Timeliness and Non-Successive Nature of Minter's Section 2255 Motion

Petitioner filed his § 2255 Motion alleging ineffective assistance of counsel on March 9, 2020. (Civ. Doc. 1.) That Motion was his first under § 2255 and was timely filed within one year of his judgment of conviction becoming final. 28 U.S.C. § 2255(f)(1).

### IV. Standard

In litigation stemming from a § 2255 motion, "'[a] hearing is not required on patently frivolous claims or those which are based upon unsupported

generalizations. Nor is a hearing required where the…[movant's] allegations are affirmatively contradicted by the record.'" *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)).

However, it is appropriate for the Court to conduct an evidentiary hearing if, "'accept[ing] all of the…[movant's] alleged facts as true,'" the movant has "'allege[d] facts which, if proven, would entitle him to relief.'" *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (internal citations omitted).

## V.     Discussion

Minter asserts one ground of ineffective assistance of counsel in his § 2255 motion: his attorney failed to file a notice of appeal even though Minter directed him to do so. An evidentiary hearing is necessary as to this claim.

### 1. Minter's claim that counsel failed to file a notice of appeal

An ineffective counsel claim has two components: first, the petitioner "must show that the counsel's performance was deficient;" second, the petitioner "must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Eleventh Circuit has held "that a lawyer who disregards instructions from his client to appeal has acted 'in a manner that is professionally unreasonable. Prejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788,789 (11th Cir. 2005) (quoting *Flores-Ortega*, 528 U.S. at 477). In this

situation, the petitioner does not have to establish prejudice beyond showing that but for counsel's deficient conduct, he would have appealed. *Id*. at 792-93.

Minter asserts that his defense counsel's performance was constitutionally deficient because "counsel failed to file a direct appeal after sentencing, despite my request to do so." (Doc. 1 at 1.)[1] The Government has filed a declaration by Victor Kelley stating "and contrary to his Motion, Mr. Minter did not direct me to fie [sic] an appeal in his behalf." (Doc. 7, Attachment 1.) Because Griffin's assertions contradict Mr. Gardner's assertion, this claim cannot be resolved on the existing record. Thus, there appears to be a direct conflict between Petitioner's position on the issue of appeal and Counsel's position. Accordingly, the Court will set this issue for a hearing at which it will take testimony on this issue.

## VI. Conclusion

For the foregoing reasons, Minter's § 2255 motion is hereby **RESERVED** for an evidentiary hearing, date, time and place to be set by separate order.

**DONE** and **ORDERED** on August 28, 2023.

_____
L. Scott Coogler
United States District Judge

215708

---

[1] Minter also attached an affidavit in which he swore under penalty of perjury that "I requested my attorney to file on my sentence and he ignored my request to do so." (Minter Affidavit, Doc. 1 at 3.)